## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **FLAME S.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** _____ |
| | § | |
| **m/v LYNX, her engines, freights, apparel,** | § | |
| **appurtenances, tackle, etc., in rem,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, FLAME S.A., by its attorneys, Calvert Eaves Clarke & Stelly, LLP,
2615 Calder Avenue., Suite 1070, Beaumont, Texas 77702  complaining of the defendant, m/v
LYNX, her engines, freights, apparel, appurtenances, tackle, etc., in rem, herein, alleges upon
information and belief as follows:

### JURISDICTION AND VENUE

1.     This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully
appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal
Rules of Civil Procedure. Jurisdiction is based upon 28 USC §1333.

2.     Venue is proper because the m/v LYNX is in this District.

### THE PARTIES

3.     At all times hereinafter mentioned, Plaintiff, FLAME S.A., (hereinafter referred
to as "FLAME"), was, and now is, a corporation or other business entity duly organized and
existing under and by virtue of the laws of Switzerland, with an office and principal place of
business in Switzerland.

4.     At all times hereinafter mentioned, defendant m/v LYNX, was, and now is, a vessel being operated, managed or controlled by PRIMERA MARITIME (HELLAS), LTD., (hereinafter referred to as "PRIMERA") or one of its alter ego subsidiaries, (including but not limited to Chemnav Shipmanagement, Ltd. or Camela Navigation, Inc.) a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business at 6, Roupel Street, Athens-Lamia Road, Km 17, Kifisia, 145 64 Athens, Greece.

### THE CLAIM WHICH FORMS THE BASIS FOR THE ARREST

5.     On or before September 11, 2008, FLAME and PRIMERA entered into a maritime contract called a Forward Freight Swap Agreement (hereinafter referred to as "FFSA").

6.     Pursuant to the FFSA, the shipping freight rate for the vessel and route in question resulted in PRIMERA owing FLAME a total of $5,554,271.36.

7.     FLAME issued several invoices to PRIMERA, however, PRIMERA failed to pay the balance due.

8.     Flame commenced proceedings in the High Court of Justice, Queen's Bench Division Commercial Court Register in London on March 31, 2009 and obtained Judgment against PRIMERA on June 18, 2009 in the sum of US$5,554,271.36 plus interest.

9.     On June 18, 2009, the High Court of Justice, Queen's Bench Division, Commercial Court Registry entered a Judgment for Flame as against Primera and ordered that Primera pay Flame a total of USD $5,554,271.36.

10.    Primera applied to set aside that judgment. By Order dated August 12, 2009 the application to set aside the Judgment was dismissed.  Pursuant to paragraph 2 of that order,

Primera was given an opportunity to pay part of the Judgment and to provide security for the remainder. It failed to do so. The Judgment was enforceable as of September 4, 2009.

11.     Primera sought permission to appeal. Permission to appeal was refused by the Court of Appeal on October 21, 2009.

12.     On September 23, 2009, FLAME commenced a proceeding in the Southern District of New York seeking to have the foreign judgment recognized and enforced.

13.     On March 29, 2010, United States District Court Judge Thomas Duffy of the Southern District of New York issued an Order confirming and recognizing the foreign Judgment issued by the High Court of Justice in London, England in favor of FLAME and against PRIMERA. (*Copy of the March 29, 2010 Order is attached hereto as Exhibit A.*)

14.     On March 31, 2010 the Clerk of the Court entered Judgment confirming and recognizing the Judgment issued by the High Court of Justice in London, England in the amount of $5,554,271.36 together with interest from June 18, 2009 at a rate of eight (8) percent. (*A copy of the March 31, 2010 Judgment is attached hereto as Exhibit B.*)

15.     As of the filing of the Verified Complaint, PRIMERA owes FLAME in excess of $5,900,000.00.

## PRIMERA's OWNERSHIP INTEREST IN THE m/v LYNX

16.     PRIMERA was and or is controlled by the Coronis family, Paul and Nikolaos.

17.     PRIMERA is listed as the ship manager for the m/v LYNX on the Equasis international vessel database. (*A copy of the Equasis database profile is attached hereto as Exhibit C.*)

3

18.     PRIMERA is also listed as the "Group Name" on the Sea-Web Lloyd's Register of Ships database for the management of a fleet of ships the m/v LYNX is part of. (*A copy of the Sea-Web database profile is attached hereto as Exhibit D.*)

19.     According to the Sea-Web Lloyd's Register of Ships database PRIMERA controls no less than 10 ships, including the m/v LYNX.

20.     According to the Sea-Web Lloyd's Register of Ships lists PRIMERA as the parent of Camela Navigation, Inc.

21.     According to the Sea-Web Lloyd's Register of Ships Camela Navigation Inc., is a subsidiary of PRIMERA and alter ego of PRIMERA.

22.     Upon information and belief, PRIMERA dominated and controlled Camela Navigation, Inc. for its own use.

23.     Camela Navigation, Inc. is listed on the Equasis international vessel data base as the registered owner of the m/v LYNX. (*See Exhibit C.*)

24.     The Marshall Islands Registry maintains copies of the mortgage for the m/v LYNX which further establishes that the Coronis Family and/or the Primera is the beneficial owner of the m/v LYNX. (*A copy of the Mortgage for the m/v LYNX is attached hereto as Exhibit E.*)

25.     There is also a Loan Facility agreement which also establishes that Primera, through the Coronis family, is the beneficial owner of the m/v LYNX. (*A copy of the Loan Facility Agreement is attached hereto as Exhibit F.*)

26.     The Loan Facility from HSH Nordbank for US$67.5million refers to 4 vessels including the registered owner of the m/v LYNX, Camela Navigation, Inc.

4

27.     The Corporate guarantor is Chemnav Shipmanagement, an alter ego of the Coronis family.

28.     The Address for Service of Notices on the Borrowers is Chemnav c/o Primera Maritime Ltd. Attn: Paul Coronis.

29.     The Schedule to the Loan Facility lists Primera as the Notify Party and Paul Coronis as the contact person.

30.     Nikolaos Coronis is named as one of the Chief Credit Providers in the Loan Facility Agreement.

31.     The Mortgage directs that all Notices are to be sent to Camela (i.e. the owning company) Chemnav, care of Primera with Paul Coronis being the named person.

32.     Upon information and belief, and the documents attached hereto, the Coronis Family and/or PRIMERA are the beneficial owners of the m/v LYNX.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays:

1.     That process in due form of law according to the practice of this Court, including the issuance of an arrest warrant, may issue against defendant m/v LYNX, in rem, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that all persons having an interest therein be cited to appear and answer under oath all and singular the matters aforesaid;

2.     That the Court recognize the Judgment granted by United States District Court Judge Thomas Duffy of the Southern District of New York in the amount of $5,554,271.36 together with interest from June 18, 2009 at a rate of eight (8) percent.

3.     That the Court condemn and sell the m/v LYNX so that the Judgment can be satisfied.

4.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary.

5.      For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: May 13, 2010

CALVERT EAVES CLARKE & STELLY, LLP

_____
Michael K. Eaves, Esq.
Texas State Bar No. 00787414
2615 Calder Ave., Suite 1070
Beaumont, Texas 77702
Telephone: (409) 832-8885
Facsimile:  (409) 832-8886
meaves@calvert-eaves.com

-and-

William R. Bennett, III, Esq.
BENNETT, GIULIANO, MCDONNELL & PERRONE, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10122
Telephone: (646) 328-0120
Facsimile: (646) 328-0121
wbennett@bgmplaw.com

ATTORNEYS FOR PLAINTIFF, FLAME S.A.

6

## ATTORNEY VERIFICATION

STATE OF TEXAS

COUNTY OF JEFFERSON

Michael K. Eaves, being duly sworn, deposes and says as follows:

1.    I am a partner with the law firm of Calvert Eaves Clarke & Stelly, LLP, 2615 Calder Avenue., Suite 1070, Beaumont, Texas 77702,  attorneys for plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.    The reason this verification is made by an attorney and not by the plaintiff is because the plaintiff is a foreign entity, none of whose officers are presently within this judicial district.

_____
MICHAEL K. EAVES

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 13th DAY OF

MAY, 2010.

Christina M. Mason
NOTARY PUBLIC

CHRISTINA M. MASON
My Commission Expires
April 04, 2012