IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FLAME S.A. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | **C.A. No. 10-cv-00278-RC** |
| | § | IN ADMIRALTY, Rule E |
| m/v LYNX, her engines, freights, apparel, | § | |
| appurtenances, tackle, etc., in rem | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OF LAW IN SUPPORT
OF NON-PARTY CLAIMANT CAMELA NAVIGATION INC.'S
MOTION TO VACATE WARRANT OF ARREST**

**CHALOS & CO, P.C.**
123 South Street
Oyster Bay, New York 11771
Tel:  (516) 714-4300
Fax:  (516) 750-4577
E-mail:  gmc@chaloslaw.com

Attorneys for Claimant

CAMELA NAVIGATION INC.

TABLE OF CONTENTS

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**BACKGROUND** . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

**POINT I**
CAMELA RESPECTFULLY REQUESTS A HEARING
ON THIS APPLICATION BE SET WITHIN THREE (3) COURT DAYS . . . . . . . . . . . . **3**

**POINT II**
THE BURDEN IS ON PLAINTIFF TO SHOW
WHY THE ORDER SHOULD NOT BE VACATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

**POINT III**
THE ARREST IS WRONGFUL AS THERE IS
NO MARITIME CLAIM *IN REM* AGAINST THE M/T LYNX . . . . . . . . . . . . . . . . . . . **5**

**POINT IV**
PLAINTIFF CANNOT CURE THE DEFICIENCIES OF THE
VERIFIED COMPLAINT BY SEEKING TO AMEND THE VERIFIED
COMPLAINT TO OBTAIN AN ORDER OF ATTACHMENT UNDER RULE B . . . . . **7**

A.      Plaintiff Should Not be Entitled to Amend the Instant Verified Complaint . . . . . . **7**

B.      Plaintiff Does Not Have a Prima Facie Maritime Claim Against CAMELA . . . . . **8**

C.      CAMELA is Not an Alter Ego of Primera . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

D.      Plaintiff's Verified Complaint Relies on Inadmissible Hearsay . . . . . . . . . . . . . . . **13**

**POINT V**
CAMELA RESPECTFULLY REQUESTS SECURITY
FOR ITS COSTS IN ACCORDANCE WITH RULE E (2)(b) . . . . . . . . . . . . . . . . . . . . **15**

**POINT VI**
CAMELA RESPECTFULLY REQUESTS LEGAL FEES AND COSTS
FOR THE AMOUNT INCURRED TO VACATE THIS WRONGFUL ARREST . . . . . . **16**

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

## INTRODUCTION

**COMES NOW**, specially appearing non-party, CAMELA NAVIGATION INC. (hereinafter "CAMELA"), by and through undersigned counsel and submits this Memorandum of Law and the accompanying Declarations of Ioannis Vekris ("Vekris Decl.") and Evangelos Hahos ("Hahos Decl."), in support of this Motion to Vacate the Court's *ex parte* Order Granting Motion for Issuance of Warrant and the Warrant of Arrest both dated May 13, 2010 (*See* Docket Entry # 3; Docket Entry #4).  CAMELA makes this motion pursuant to Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E"), and Fed. R. Civ.P. 12(b)(2) and 12(b)(6). Claimant's appearance is restricted in accordance with Rule E (8) and CAMELA expressly reserves all defenses relating to *in personam* jurisdiction over the movant vessel owner. *See Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 989-990 (5th Cir. 1992). For the reasons more fully set forth below and in the accompanying declarations, CAMELA respectfully submits that the pending arrest warrant must be vacated and the case dismissed as a matter of law.

## BACKGROUND

CAMELA is not a party to the current action that was commenced by the Plaintiff on May 13, 2010 against the M/T LYNX. CAMELA is the registered Owner of the M/T LYNX and as such, an interested party in these proceedings in accordance with Supp. Admiralty Rule E (4)(f).  *See* Certificate of Ownership and Encumbrance attached hereto as Ex. 1; *See also* Vekris Decl. at ¶ 9, Ex. 2 & 3.   Plaintiff wrongfully sought and obtained an *ex parte* Warrant of Arrest for the arrest of the M/T LYNX in order to, *inter alia*, satisfy

a foreign judgment against Primera Maritime (Hellas), Ltd. (hereinafter "Primera"). *See* Verified Complaint.  As more fully set forth below and in the accompanying declarations, Plaintiff did not and does not have any good faith basis to obtain, let alone sustain, the pending wrongful arrest of the vessel.

Based upon the review of the papers, it appears that Plaintiff commenced this action, by way of a Verified Complaint to seek an Order for the arrest of the M/T LYNX on the unfounded allegation that CAMELA, as Owner, or the commercial manager Chemnav Shipmanagement Ltd. (hereinafter "CHEMNAV"), are "alter ego subsidiaries" of Primera. The Plaintiff sought the Warrant of Arrest to obtain security and enforce an unpaid Judgment against Primera totaling USD 5,554,271.36.  *See* Plaintiff's Verified Complaint at ¶¶ 8-15.   The Plaintiffs' Verified Complaint does not list CAMELA as a defendant, nor does the Plaintiff allege any maritime claim *in rem* against the M/T LYNX or *in personam* against CAMELA.

Plaintiff requested the above relief, without sufficiently pleading that CAMELA is in fact an alter ego of Primera.  Plaintiff only asserted unsupportable allegations, "upon information and belief," without having any evidence that the M/T LYNX is 'owned' by Primera.   In fact, the evidence that Plaintiff did provide in its Verified Complaint establishes the exact opposite, namely, that the M/T LYNX has been owned by CAMELA and managed by CHEMNAV since its commissioning. *See* Vekris Decl. at ¶¶ 9, 24.  The Plaintiff has self-servingly alleged -- without sufficient factual support or allegation -- that Primera is the "beneficial owner" of the M/T LYNX and that the vessel is therefore eligible to satisfy Plaintiff's outstanding judgment against Primera.  *See* Verified Complaint at ¶¶ 16-20. This is wholly incorrect.  CAMELA was founded and incorporated

on March 16, 2006. *See* Vekris Decl. at ¶ 5.  CHEMNAV has been incorporated since July 4, 2006.  *See* Hahos Decl. at ¶ 5. The M/T LYNX was constructed in 2008 and has always been owned by CAMELA. *See* Vekris Decl. at ¶ 9, 24.  CAMELA, CHEMNAV and the M/T LYNX were all commercially active well before Plaintiff obtained its judgment against Primera. These companies are independent and are in no way alter egos of Primera. *See* Vekris Decl. and Hahos Decl. Accordingly, CAMELA submits to this Honorable Court that the Warrant of Arrest was improperly used to arrest and detain the M/T LYNX and respectfully requests, for the reasons more fully set forth within, that the wrongful arrest be immediately vacated.

## ARGUMENT

### POINT I

### CAMELA RESPECTFULLY REQUESTS A HEARING ON THIS APPLICATION BE SET WITHIN THREE (3) COURT DAYS

To ensure the constitutionality of the attachment mechanism provided for under Rule B, Supplemental Admiralty Rule E (4)(f) provides any person whose property has been attached pursuant to Rule B an opportunity to appear before a district court to contest the attachment:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Fed. R. Civ. P. Supp. R. E (4)(f).  This Rule speaks in mandatory terms and is necessary to give a claimant its day in court after a Plaintiff has been able to obtain *ex parte* relief,

outside the adversary system and with only minimal oversight.[1]   Accordingly, non-party

CAMELA, respectfully requests that a hearing be set within three (3) days[2].


## POINT II

### THE BURDEN IS ON PLAINTIFF TO SHOW
### WHY THE ORDER SHOULD NOT BE VACATED

To obtain a warrant of arrest, a plaintiff must comply with Supplemental Admiralty

Rule C ("Rule C"), which states in relevant part:

> An action in rem may be brought: (a) To enforce any maritime lien; (b)
> Whenever a statute of the United States provides for a maritime action in
> rem or a proceeding analogous thereto.

Fed. R. Civ. P. Supp. R. C (1).

"Where a party seeks to vacate the arrest and attachment of a vessel, the burden is

on the arresting party to show 'reasonable grounds' for the arrest." *Torch Offshore, L.L.C.*

*v. M/V Midnight Hunter*, 2003 U.S. Dist. LEXIS 8421, *1 (E.D. La. 2003) (citing *In Re*

*Murmansk Shipping Co.*, 2001 U.S. Dist. LEXIS 25227 (E.D. La. 2001); *see also*, *Parcel*

*Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153, 1155 (5th Cir. 1985) (holding that

plaintiff bears burden of proof under Rule E(4)). Upon the application of a motion to

vacate, the attaching party must present enough evidence to show probable cause for the

arrest. *See Continental Ins. Co. v. Adriatic Tankers Shipping Co.*, 1995 U.S. Dist.  LEXIS

16786, *1 (E.D. La. 1995).

---

[1]The Advisory Committee has stated that at the Rule E(4)(f) hearing, the interested party can attack "the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." Fed. R. Civ. P. Supp. Rule E (4)(f), advisory committee's note.

[2] The Clerk of the Court has kindly informed undersigned counsel that this Honorable Court is available for the hearing possibly as early as Monday, May 17, 2010.  In the interest of judicial efficiency, undersigned counsel (located in New York) respectfully requests the opportunity to appear for the hearing by telephone conference.

In the instant matter, Plaintiff has failed to provide any probable cause for the arrest of the M/T LYNX, which belongs to non-party CAMELA.

## POINT III

### THE ARREST IS WRONGFUL AS THERE IS
### NO MARITIME CLAIM *IN REM* AGAINST THE M/T LYNX

The Plaintiff does not have a proper maritime claim *in rem* against the M/T LYNX. The M/T LYNX was not involved in a maritime transaction or occurrence with Plaintiff that would give rise to a maritime lien. A maritime lien is a special property right in a vessel that "developed as a necessary incident of the operation of vessels." *Piedmont & Georges Creek Coal Co. v. Seaboard Fisheries Co.*, 254 U.S. 1 (1920); *see also Dampskibsselskabet Dannebrog, et al. v. Signal Oil & Gas Co.*, 310 U.S. 268 (1940) (the lien secures creditors who provided "supplies which are necessary to keep the ship going."); Federal Maritime Lien Act, 46 U.S.C.A. §§ 31341-31343 (FMLA) (establishes a maritime lien for "providing necessaries[3] to a vessel on the order of the owner or a person authorized by the owner." 46 U.S.C.A. § 31342.) Notwithstanding, Plaintiff made the M/T LYNX the Defendant in the Verified Complaint and expressly requested for issuance of process ". . . against defendant M/V LYNX, *in rem,* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure." *See* Verified Complaint, Prayer for Relief ¶ 1.

Plaintiff's actual cause of action is for, *inter alia*, to enforce and satisfy a foreign judgment between Plaintiff and Primera. Plaintiff argues "upon information and belief" that Primera is the "beneficial owner" of the M/T LYNX and/or that CAMELA and

---

[3] "Necessaries" include "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C.A. § 31301(4).

Primera are alter egos.   These unsupported allegations are insufficient to arrest the M/T LYNX under Rule C and the Order must be vacated.   "Access to a proceeding *in rem*, under Rule C is rigorously restricted.   Traditionally, the plaintiff must hold a maritime lien." *See THE RESOLUTE*, 168 U.S. 437, 440, 18 S.Ct. 112, 113, 42 L.Ed. 533 (1897); Fed. R. Civ. P. Supp. R. C (1)(a); *see also Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 987 (5th Cir 1992); *Trinidad Foundry and Fabricating, Ltd. v. M/V K.A.S. Camilla*, 966 F.2d 613, 615 (11th Cir. 1992).   Plaintiff has not alleged and cannot allege that it has and/or is enforcing a maritime lien against the M/T LYNX.

Apart from a maritime lien predicate, a Rule C arrest may be sustained "whenever a statute of the United States provides for a maritime action *in rem* or a proceeding analogous thereto." Supplemental Rule C (1)(b). *See Sembawang Shipyard, supra.* Plaintiff points out that its award against the purported judgment debtor Primera was recognized by a judgment of the United States District Court for the Southern District of New York.   The Plaintiff does not allege any controlling maritime statute or proceeding related to the judgment that authorizes proceedings *in rem* under Supplemental Rule C (1)(b).   *Id.*  Accordingly there was no legal justification whatsoever for the Plaintiff's Motion for a warrant for the *in rem* arrest of the M/T LYNX.

The remaining allegations of the Verified Complaint and accompanying exhibits do not contain any support which might authorize the arrest of the M/T LYNX under Supplemental Admiralty Rule C.    Simply put, the judgment that Plaintiff has against Primera, which has not been made a party in this suit, is *res inter alios acta* as to the M/T LYNX and cannot be a proper legal basis for the issuance of the warrant of arrest.   As jurisdiction over the vessel may not be properly exercised under Supplemental Admiralty

Rule C, this Honorable Court lacks jurisdiction and should vacate the arrest. *M/V K.A.S. Camilla*, 966 F.2d at 615.

## POINT IV

### PLAINTIFF CANNOT CURE THE DEFICIENCIES OF THE VERIFIED COMPLAINT BY SEEKING TO AMEND THE VERIFIED COMPLAINT TO OBTAIN AN ORDER OF ATTACHMENT UNDER RULE B

Plaintiff's pleading is completely erroneous as a matter of fact and law.  The Plaintiff has wrongfully arrested the M/T LYNX in an improper attempt to satisfy a judgment against non-parties to that judgment.  Not only was the instant application deficient under Rule C, but it is respectfully submitted that any attempt to cure the procedural deficiency under Rule B would be futile.  Accordingly, CAMELA respectfully requests that this Honorable Court deny any request by Plaintiff to amend the Verified Complaint and dismiss the instant litigation in its entirety.

**A.    Plaintiff Should Not be Entitled to Amend the Instant Verified Complaint**

CAMELA recognizes the applicable authority of this Circuit, which allows a Plaintiff to amend its Verified Complaint in order to bring an improper Rule C arrest claim under Admiralty Rule B.   However, the Fifth Circuit Court of Appeals has ruled that such a remedy is only available under the appropriate circumstances. *See e.g. Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 987 (5th Cir 1992)*; Heidmar, Inc. v. Anomina Ravennate Di Armanento Sp.A. of Ravenna*, 132 F.3d 264 (5th Cir. 1998).  These cases allowed for the deficient pleadings to be amended under a very specific proviso, *i.e.* that the amendment does not result in prejudice from the Plaintiff's error. *See Heidemar* 132 F.3d at 268; *Sembawang* 955 F.2d at 989.

In this case, allowing Plaintiff to amend its pleading to try to recast its claim as one under Supplemental Rule B would engender substantial prejudice. Unlike *Heidemar* and *Sebawang*, where the vessels arrested were actually involved in the transactions which constituted the basis of the respective lawsuits, the M/T LYNX was not and is not a part of the underlying contract or judgment in the instant matter. Moreover, the alleged debtor Primera has never owned, operated or managed the M/T LYNX.

For the reasons more fully set forth below, even if Plaintiff is afforded the opportunity to amend the pleadings, Plaintiff would not be able to satisfy the requirements of Rule B. In the meantime, the vessel of an innocent third party continues to remain under detention; defaulting on her owners' contractual commitments, and severely impairing her commercial employment. The nature of Plaintiff's claim is such that it is not covered by insurance (either P&I or Hull & Machinery). CAMELA, an innocent owner, is being improperly held at ransom to provide substitute security necessary to secure the release of the vessel. The M/T LYNX has only been trading for approximately sixteen (16) months in what has been a severely depressed market, and as such, CAMELA does not have the financial wherewithal to post alternate security for this matter. Moreover, this arrest is causing substantial damages and complete disruption of business operations. *See* Vekris Decl. ¶ 10. In the instant matter, the substantial prejudice to CAMELA if Plaintiff is allowed to amend the pleadings is both present and severe.

**B.    Plaintiff Does Not Have a Prima Facie Maritime Claim Against CAMELA**

Plaintiff cannot satisfy Supplemental Admiralty Rule B because Plaintiff does not and cannot allege a proper *prima facie* claim, maritime or otherwise, against non-party CAMELA in its Verified Complaint. There is no evidence, let alone any argument that

CAMELA was involved in the underlying Forward Freight Swap Agreements between Plaintiff and Primera. *See* Verified Complaint ¶¶ 5-6. Furthermore, CAMELA is not a party to the foreign judgment that Plaintiff obtained against Primera. *Id*. ¶ 8. As CAMELA is not a party to the current action and is otherwise not connected to the underlying dispute, Plaintiff has failed to present a valid *prima facie* admiralty claim against CAMELA. Accordingly, non-party CAMELA, respectfully requests that this Honorable Court vacate the warrant of arrest and deny any request by Plaintiff to amend the pleadings.

The Second Circuit in *Aqua Stoli*, elaborated on the requirements to obtain and sustain a Rule B attachment. Specifically, a plaintiff must show at the Rule E (4) hearing that it has fulfilled the "filing and service requirements of Rules B and E" and that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (footnote omitted) (questioned on other grounds, *The Shipping Corporation of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. Oct. 16, 2009). If a plaintiff fails to demonstrate that it has met *any* of the requirements of Rules B and E, the district court must vacate the attachment. *Id*. at 460 F.3d at 445.

A maritime attachment pursuant to Supplemental Admiralty Rule B can only be invoked when a plaintiff makes a *prima facie* showing that the plaintiff has a valid maritime claim against defendant. "The absence of maritime jurisdiction would prove fatal to plaintiff's attachment." *Maritima Petroleo e Engenharia Ltda v. Ocean Rig IA,* 78 F. Supp. 2d 162, 166 (S.D.N.Y. 1999). In the present case, the Plaintiffs' Verified Complaint

(Docket Entry #1) fails to establish a maritime cause of action against non-party CAMELA. Furthermore, there is no maritime claim that can be properly brought against CAMELA. Consequently, the Warrant of Arrest should be vacated as a matter of law and an Order of Process of Maritime Attachment and Garnishment should not be issued. *Sea Transport Contractors v. Industries Chemiques Du Senegal,* 411 F. Supp. 2d 386, 392 (S.D.N.Y. 2006) (citation omitted).

In the present case, the Plaintiff's Verified Complaint fails to establish a maritime cause of action against CAMELA. The arrest of the M/T LYNX by Plaintiff is improper and wrongful. Consequently, the Court should issue an Order vacating the Warrant of Arrest and dismissing the instant action.

**C.      CAMELA is Not an Alter Ego of Primera**

Plaintiff's Verified Complaint does not list CAMELA as a defendant and does not sufficiently plead that CAMELA is an alter ego of Primera. Rather, Plaintiff provides only cursory, conclusory and self-serving unsubstantiated allegations that CAMELA is an "alter ego subsidiary" of Primera. *See* Verified Complaint, ¶ 4. Plaintiff that has not and cannot allege sufficient alter-ego arguments against non-party CAMELA.

The Fifth Circuit in *Oxford Capital Corporation v. United States*, 211 F. 3d 280 (5th Cir. 2000) (citing *United States v. Jon-T Chemicals*, Inc. 768 F. 2d 686 (5th Cir. 1985) summarized the non-exhaustive list of factors the Court will consider relevant when determining whether one company is the alter-ego of another:

> (1) the parent and subsidiary have common stock ownership; (2) the parent and subsidiary have common directors or officers; (3) the parent and subsidiary have common business departments; (4) the parent and subsidiary file consolidated financial statements; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operated with grossly inadequate capital; (8) the parent

pays salaries and other expenses of subsidiary; (9) the subsidiary receives no business except that given by the parent; (10) the parent uses the subsidiary's property as its own; (11) the daily operations of the two corporations are not kept separate; (12) the subsidiary does not observe corporate formalities.

*Id.* at 284; *See also Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 360 (5th Cir. 2003) (Additional factors include "(1) whether the directors of the 'subsidiary' act in the primary and independent interest of the 'parent'; (2) whether others pay or guarantee debts of the dominated corporation; and (3) whether the alleged dominator deals with the dominated corporation at arm's length.")(citing *Markow v. Alcock*, 356 F.2d 194, 197-98 (5th Cir. 1966); *Sabine Towing & Transportation Co., Inc. et al. v. Merit Ventures, Inc.*, 575 F. Supp. 1442 (EDTx 1983).

Plaintiff's Verified Complaint fails to name CAMELA as a Defendant or to set forth any substantive allegations against CAMELA to justify the attachment of claimant's property. Further, as is more fully set forth in the accompanying declarations of Ioannis Vekris and Evangelos Hahos, the factors giving rise to alter-ego liability do not exist with respect to Primera and CAMELA or CHEMNAV. Moreover, the Plaintiff in the instant matter has failed to plead with any degree of specificity the necessary factual allegations that lead to its conclusion that the M/T LYNX was or is "beneficially owned" by Primera.

Simply put, Plaintiff cannot factually allege an alter-ego relationship by and between the Primera and claimant CAMELA because no such relationship exists. In the Plaintiff's Verified Complaint, the alter-ego allegations against Primera and CAMELA are merely generalized assertions based primarily "upon information and belief." *See* Plaintiffs Verified Complaint at ¶¶ 16-32. Plaintiff's, generalized assertions are factually unsupportable and wholly insufficient as a matter of law.

The Second Circuit has held that vacatur of a Rule B maritime attachment was warranted where, "Plaintiffs allegations regarding the liability of the other corporate entities are supported merely by generalized assertions in an attorney-verified complaint, unsworn court filings in related actions, and documentation showing common business addresses and management." *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 52 (2d Cir. 2008).[4]

> The *Williamson* court explained:
>
> > Superficial compliance with Rule B, while necessary, is not sufficient in determining whether maritime attachment is appropriate. Where a defendant contests an attachment of its property under Rule E (4)(f), Plaintiffs must demonstrate at the Rule E hearing why the attachment should not be vacated. While Rule E(4)(f) does not explain under what circumstances the district court may vacate the judgment, and we have not yet had occasion to determine the full scope of the district court's vacatur power, the district court may certainly vacate the judgment if it determines, after hearing from both parties, that the requirements of Rule B have not actually been met.

*Id.* (citations omitted).

The District Court vacated the attachments following a Rule E (4)(f) hearing as to certain corporate defendants on the ground that the Plaintiffs failed to make out a prima facie admiralty claim against them. *Williamson v. Recovery Ltd. P'ship*, 2007 U.S. Dist. LEXIS 4438, at *10 (S.D.N.Y. Jan. 16, 2007). In affirming the district court's vacatur of the maritime attachment, the Second Circuit concluded:

> We agree with the district court and find that it did not abuse its discretion in vacating the attachments against these remaining corporate defendants, based upon the evidence before it. As the district court noted, this decision does not mean that Plaintiff's allegations, if proven, are

---

[4] In framing the issue, the district court in *Williamson* stated: "[t]he first issue under the *Aqua Stoli* standard is whether Plaintiff has shown that it has a valid prima facie admiralty claim against the defendant. The standard most commonly applied in a Rule E (4)(f) analysis is that the Plaintiff must demonstrate that "reasonable grounds" exist for the attachment." *Williamson v. Recovery Ltd. P'ship*, 2007 U.S. Dist. LEXIS 4438, at *10 (S.D.N.Y. Jan. 16, 2007).

insufficient to prove mismanagement, breach of duty to investors, and misuse of corporate entities as to these other corporate defendants; rather, it means that the evidence provided to the district court is "insufficient at this stage to demonstrate that Plaintiffs have the requisite *prima facie* admiralty claim against any defendants other than Thompson, EZRA, RLP and CXLLC."

542 F.3d at 53 (citations omitted).

This Honorable Court should come to the same conclusion here and reject Plaintiff's alter-ego arguments, as there are not any factual grounds with which to pursue an alter-ego claim against CAMELA.

**D.      Plaintiff's Verified Complaint Relies on Inadmissible Hearsay**

Plaintiff's allegation that the M/T LYNX is "beneficially owned" by Primera and that CAMELA is an "alter ego subsidiary" of Primera relies exclusively on the assertions of the attorney verified complaint.   The Verified Complaint improperly relies on inadmissible and unsubstantiated hearsay in support of its allegations.   *See* Verified Complaint ¶ 16-22; *see also* Ex. C & D of the Verified Complaint.   Specifically, the Plaintiff relies on documents from the Equasis database and Sea-Web Lloyd's Register of Ships database in support of its allegations.   These submissions are inaccurate and unreliable and should be disregarded by the Court.

On the other hand, the Court has been provided sworn declarations by Ioannis Vekris and Evangelos Hahos.   In sum and substance, the sworn testimony confirms, *inter alia*, the following: The M/T LYNX is owned by CAMELA. *See* Vekris Decl. ¶ 9.   The technical manager of the vessel is V. Ships Limited and CHEMNAV is commercial manager. *Id.*   The information relied upon from Equasis is incorrect.   Primera is not and has never been the ship manager for the M/T LYNX. *Id.* at ¶ 8.   The information relied upon from the Sea-Web Lloyd's Register of Ships database is also severely inaccurate and

flawed.  Primera is not the group name for the management of ships that the M/T LYNX is a part of.  There is no "group name."  Moreover, CHEMNAV is the manager for the fleet of vessels referenced and this information has been publicly available through CHEMNAV's website for over two (2) years.  *See* Hahos Decl. at ¶ 7.  Primera does not 'control' the M/T LYNX *See* Vekris Decl. at ¶¶ 8-9.  Primera is not the "parent" of CAMELA, nor is CAMELA a subsidiary or alter ego of Primera.  *Id* at 13-15.

Despite the public availability of the correct information regarding the correct ownership and management of the M/T LYNX and the confirmation of same in the Mortgage and Loan Facility Agreement attached to the Verified Complaint, Plaintiff has purposely elected to rely on factually incorrect and unsubstantiated hearsay to support this wrongful arrest.  To the extent this Court may be inclined to consider such unreliable information, the sworn affidavits of Mr. Ioannis Vekris and Mr. Evangelos Hahos clearly rebut the information provided in the Verified Complaint.  Moreover, CAMELA respectfully draws the Court's attention to the fact that Sea-Web Lloyd's Register of Ships database provide extensive disclaimers regarding the information contained and provided on their site[5].

*Fed. R. Evid. 801(c)* provides, in relevant part: "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Plaintiff's Verified Complaint is requesting the Court to consider the otherwise unreliable and inadmissible documentation to draw

---

[5] "Lloyd's Register - Fairplay Ltd does not provide any warranty or assurance in respect of this website. Materials are not intended to constitute definitive advice in any specific situation. All implied warranties and conditions are excluded to the maximum extent permitted by applicable law.  Lloyd's Register - Fairplay Ltd accepts no responsibility for and excludes all liability, to the extent permitted by applicable law, in connection with the access and use of this website including but not limited to any liability for errors, inaccuracies, omissions or misleading or defamatory statements." Accessed on May 15, 2010 at http://www.sea-web.com/seaweb_terms.html

unfounded inferences to support its allegations of an alter ego relationship between Primera and CAMELA. These reports are not made upon any principal of Plaintiff's personal knowledge and/or interactions with CAMELA. Moreover, Plaintiff, through the introduction of such unsupported documentation can neither factually nor *as a matter of law* rebut the otherwise incontrovertible sworn declarations.

Accordingly, Plaintiff has failed to show and cannot show, that there is a valid *prima facie* admiralty claim against CAMELA. As such, the Warrant of Arrest should be vacated as to the M/T LYNX and the Verified Complaint should be dismissed in its entirety.

### POINT V

### CAMELA RESPECTFULLY REQUESTS SECURITY FOR ITS COSTS IN ACCORDANCE WITH RULE E (2)(b)

Supplemental Admiralty Rule E (2)(b) states in relevant part:

> *Security for costs.* Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

Fed. R. Civ. P. Supp. R. E (2)(b).

The rule provides the Court with the authority to order an attaching party to post security to cover the expenses that an innocent third party is required to incur as a result of the attachment or arrest. This rule "gives the court power to require security for costs and expenses to be posted by the party initiating the *in rem* seizure to protect parties affected by the seizure." *Merchants National Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1334 (5th Cir. 1981). The trial court has "broad discretion" to order a seizing

party to post security for costs. *Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc.*, 56 F.3d 394, 401 (2d Cir. 1995).

Non-party CAMELA is not the alleged judgment debtor of the Plaintiff and is otherwise not indebted to it. Rather it is an innocent third party. CAMELA has already incurred costs and expenses in excess of USD 60,000 as a result of the arrest of the vessel caused by Plaintiff herein. CAMELA has incurred and will continue to incur expenses, of approximately USD 20,600 per day during the pendency of this arrest. These expenses are specifically covered by 28 U.S.C. § 1921 (a)(1)(E) and must be taxed as costs of court. In addition, Plaintiff has been put on notice that the cargo on board the M/T LYNX is time sensitive and CAMELA specifically reserves all rights to also claim consequential damages which may be incurred as a result of the loss of the cargo due to this wrongful arrest.

Plaintiff is a foreign corporation with no office or other assets located in this district. The Court should order Plaintiff to provide immediate security for CAMELA's expenses or lift the arrest of the vessel.

**POINT VI**

**CAMELA RESPECTFULLY REQUESTS**
**LEGAL FEES AND COSTS FOR THE AMOUNT**
**INCURRED TO VACATE THIS WRONGFUL ARREST**

Non-party CAMELA has been forced to undertake the present motion to vacate the improper and wrongful arrest of the M/T LYNX. CAMELA respectfully requests this Honorable Court issue an Order compelling the Plaintiff to pay for the legal fees and costs associated with the motion. *See* Supplemental Admiralty Rule E(7).

## CONCLUSION

Based upon the foregoing and the accompanying Declarations, it is respectfully requested that the warrant of arrest of the M/T LYNX be immediately vacated and that this Honorable Court issue an Order releasing the M/T LYNX from the *ex parte* Warrant of Arrest that was issued in the instant action. CAMELA further requests that the Court grant such other and further relief as it deems just and proper under the circumstances, including an award of its legal fees and expenses, expended in contesting this wrongful arrest.

Dated: Oyster Bay, New York
      May 16, 2010

Respectfully submitted,

**CHALOS & CO, P.C.**
*Attorneys for Claimant*
CAMELA NAVIGATION INC.

BY:    /s/ George M. Chalos
         George M. Chalos (GC-8693)
         123 South Street
         Oyster Bay, New York 11771
         Tel: (516) 714-4300
         Fax: (516) 750-9051
         E-mail: gmc@chaloslaw.com

BY:    /s/ George A. Gaitas
         George A. Gaitas, Esq.
         State Bar No. 24058885
         CHALOS & CO, P.C.
         675 Bering Drive, Suite 275
         Houston, Texas 77057
         Tel: +1 713 936 2427
         Fax: +1 516 750 9051
         E-mail: gaitas@chaloslaw.com

BENCKENSTEIN & OXFORD, L.L.P.

BY:     /s/ Alan G. Sampson_____
        Alan G. Sampson, Esq.
        State Bar No. 17560000
        Hubert Oxford, III, Esq.
        State Bar No. 15392000
        Joshua C. Heinz, Esq.
        State Bar No. 24053264
        P.O. Drawer 150
        Beaumont, Texas 77704-0150
        Ph. (409) 833-9182
        Fax. (409) 833-8819
        E-mail: asampson@benoxford.com

Exhibit 1



# Republic of the Marshall Islands
### Office of the Maritime Administrator
## CERTIFICATE OF OWNERSHIP AND ENCUMBRANCE
#### of a vessel registered under Marshall Islands Flag

IT IS HEREBY CERTIFIED that as of October 27, 2008 at 11:28 A.M., E.E.T., (October 27, 2008 at 05:28 A.M., E.D.S.T.), according to the records of the Office of the Maritime Administrator of the Republic of The Marshall Islands, the vessel described hereunder:

OFFICIAL NUMBER: __3213__       CALL LETTERS: __V7PE4__       TYPE: CHEMICAL TANKER

VESSEL NAME: __LYNX__

DATE OF REGISTRATION: __October 27, 2008__       GROSS TONS: __8542__       NET TONS: __4117__

BUILT AT: __ULSAN KOREA__                                                IN: __2008__

PRESENT CERTIFICATE OF REGISTRY NUMBER: __515-08-KOR__       ISSUED: __October 27, 2008__

AT: __Ulsan, Korea__

is owned by:

| NAME | RESIDENCE | CITIZENSHIP | PROPORTION |
|---|---|---|---|
| CAMELA NAVIGATION INC. | Majuro, Marshall Islands | Marshall Islands | 100% |

AND THAT there are on record in this Office the following mortgages, liens or other encumbrances, and no others:

FIRST PREFERRED MORTGAGE dated October 27, 2008, granted by Camela Navigation Inc. to HSH Nordbank AG as Security Trustee in the total amount of $87,750,000 (of which amount $67,500,000 represents the loan and $20,250,000 represents liabilities under the Master Agreement) together with interest, fees, commissions and performance of mortgage covenants.; recorded on October 27, 2008 at 11:28 A.M., E.E.T. at Piraeus, Greece (October 27, 2008 at 05:28 A.M., E.D.S.T.) in Book PM 19 at Page 757.

Issued by the Authority of the Government of the Republic of The Marshall Islands under my hand and seal at Piraeus, Greece on this 27th day of October, 2008 at 12:00 P.M., E.E.T. (27th day of October, 2008 at 6:00 A.M., E.D.S.T. ).

Guy E. C. Maitland
Senior Deputy Commissioner

Sofia Kounia

**CLIENT ORIGINAL**

MI-223 (Rev.06/05)

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2010, a true and correct copy of the foregoing has been served on all counsel of record through electronic transmission, the Case Management/Electronic Case File (CM/ECF) System for the USDC, EDTx which will send notification of such filing(s) to the following:

Michael K. Eaves, Esq.
meaves@calvert-eaves.com

I hereby certify that on May 16, 2010 I have provided a true and correct copy of the foregoing by electronic mail and by depositing same with the U.S. Postal Service, properly addressed, certified mail, on this 16th day of May, 2010 to the following non-registered participant:

William R. Bennett, III, Esq.
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10122
wbennett@bgmplaw.com


_/s/ George M. Chalos_____
George M. Chalos (GC-8693)