IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FLAME S.A. § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | **C.A. No. 10-cv-00278-RC** |
| § | IN ADMIRALTY, Rule E |
| m/v LYNX, her engines, freights, apparel, § | |
| appurtenances, tackle, etc., in rem § | |
| § | |
| Defendant. § | |

## DECLARATION OF EVANGELOS HAHOS

I, **Evangelos Hahos**, pursuant to Section 1746 of Title 28 of the United States Code, hereby declare and say the following under penalty of perjury:

1. I am an individual of sound mind and body, and have never been convicted of a crime of moral turpitude.

2. This declaration is respectfully submitted on behalf of non-party, alleged alter-ego CHEMNAV SHIPMANAGEMENT LTD. (hereinafter "CHEMNAV"), in support of the motion to vacate a pending Rule C vessel arrest of the M/T LYNX and to dismiss the U.S. legal proceedings.

3. I am a citizen of Greece and a resident of Athens. I am the Chief Financial Officer of CHEMNAV.

4. I make this declaration based upon my personal knowledge and official company records.

5. CHEMNAV was founded and incorporated on July 4, 2006  Attached hereto as Exhibit "1" is a copy of the company's Certificate of Incorporation.



6. CHEMNAV is a corporation existing by virtue of the laws of Marshall Islands with its principal place of business at National Road Athens – Lamia (17th Km) & 6 Roupel Street, P.O.: 145 64, Kifissia, Athens, Greece.

7. CHEMNAV's primary business is the commercial management of a fleet of four (4) chemical and petroleum tanker vessels. Attached hereto as Exhibit "2" is the list of the CHEMNAV fleet of vessels which the company manages, publicly available at http://www.chemnav.gr. This website has been in existence for over two (2) years; is publicly available and should have been easily searchable before Plaintiff wrongfully arrested the M/T LYNX.

8. I am aware that Plaintiff arrested the M/T LYNX, pursuant to a Warrant of Arrest issued in the above captioned action, in order to, *inter alia*, satisfy a judgment against Primera Maritime (Hellas), Ltd. (hereinafter "Primera").

9. The M/T LYNX is not and has never been owned, operated, or managed by Primera. The same applies to the other three (3) vessels, which CHEMNAV commercially manages. Attached hereto as Exhibit "3" is a copy of the current ship management agreement.

10. The M/T LYNX is owned by Camela Navigation Inc. (hereinafter "Camela"). The technical and operational manager of the vessel is V. Ships Limited (hereinafter "V. Ships"). CHEMNAV is the commercial manager of the vessel. A copy from V-ships confirming the M/T LYNX has been under their management since construction is attached hereto as Exhibit "4." A copy of the Lloyd's MIU report for the M/T LYNX is attached hereto as Exhibit "5."



12. Plaintiff alleges in the submitted pleadings "upon information and belief," that CHEMNAV is an 'alter ego subsidiary' of Primera.

13. I hereby declare that the company CHEMNAV absolutely is neither a parent nor subsidiary of Primera. Rather, CHEMNAV is its own separate and distinct legal entity, which is independently financed and operated.

14. CHEMNAV has its own offices, office staff and team of employees.

15. CHEMNAV's website address is: http://www.chemnav.gr

16. CHEMNAV's email is admin@chemnav.gr, telephone number is: +30 210 6200975 and the fax number is: +30 210 6202128.

17. The current officers of CHEMNAV are Panayotis Yanoutsos (General Manager/Chief Operating Officer), Evangelos Hahos (Chief Financial Officer), George Blue (Commercial/Chartering Manager) and Marcelna Cayabyab (Support Staff).

18. CHEMNAV was not and is not a partner or a joint venturer with Primera.

19. CHEMNAV is a unique and separate profit center and has its own distinct Bank Account.

20. I am aware Plaintiff has cited the Equasis international vessel database and the Sea-Web Lloyd's Register of Ships database to allege that Primera is the ship manager for the M/T LYNX. *See* Verified Complaint ¶¶ 17-19. This is incorrect; Primera is <u>not</u> the ship manager of the M/T LYNX. *See* Exhibits 3-5.

21. Under the Loan Facility Agreement (*See* Verified Complaint, Exhibit F) CHEMNAV INC, is the corporate guarantor of the Agreement.



22. The only relationship between CHEMNAV and Primera alleged by the Plaintiff is that in the Loan Facility Agreement the "Address for Service of Notices on the Borrowers is Chemnav c/o Primera Maritime Ltd." *See* Verified Complaint, ¶28 – 29.

23. It was my understanding that the address was utilized for a short period for forwarding mail when Primera was located in the same office building. The building was under construction at the time and it is my understanding that mail was forwarded c/o Primera prior to CHEMNAV having its own sign and ability to accept delivery of mail at the building.

24. CHEMNAV has strictly arms-length dealings with all other companies and observes formal legal requirements regarding corporate activities.

25. Plaintiff has not and cannot allege any existence of fraud, wrongdoing or injustice to third parties by CHEMNAV.

26. I hereby declare that the company, CHEMNAV, is a separate and independent legal entity from Primera.

27. In an already depressed and niche chemical tanker market, this wrongful arrest is causing CHEMNAV to suffer significant and potentially irreparable damages, business disruption, and loss of reputation in the commercial marketplace. In fact it could be catastrophic for our company, which has worked very hard in such a regulated and competitive industry to establish itself as a respected chemical tanker company. There is a real prospect that this wrongful arrest may in a short space of time ruin the very good reputation it has developed since inception with its customers. I understand that despite the express terms of the arrest order, the Exxon Mobile terminal is not allowing the Vessel to proceed for cargo operations, therefore potentially leading to significant consequential



losses. Written threats by its Charterer have been receive that this matter is affecting their supply chain and relationship between the two companies.

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: May 16, 2010
      Athens, Greece

                                                **Evangelos Hahos**