IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FLAME S.A. § § Plaintiff, § § V. § m/v LYNX, her engines, freights, apparel, § appurtenances, tackle, etc., in rem § § Defendant. § | C.A. No. <u>10-cv-00278-RC</u> IN ADMIRALTY, Rule E |

## MOTION FOR SECURITY

Now into Court, through undersigned counsel, comes specially appearing non-party movant, Camela Navigation Inc., who respectfully moves this Honorable Court for an order requiring Plaintiff herein to immediately post security in form and amount sufficient to cover the likely costs and expenses Camela Navigation Inc. has incurred and may be caused to incur as a result of Plaintiff's attachment of the M/T LYNX for the reasons set forth in the attached memorandum in support of this motion.

Dated: Oyster Bay. New York
      May 21, 2010                     Respectfully submitted,

                                        **CHALOS & CO, P.C.**
                                        *Attorneys for Claimant*
                                        CAMELA NAVIGATION INC.

BY:    /s/ <u>George M. Chalos</u>
           George M. Chalos (GC-8693)
           123 South Street
           Oyster Bay, New York 11771
           Tel: (516) 714-4300
           Fax: (516) 750-9051
           E-mail: <u>gmc@chaloslaw.com</u>

BY:  /s/ George A. Gaitas
George A. Gaitas, Esq.
State Bar No. 24058885
675 Bering Drive, Suite 275
Houston, Texas 77057
Tel: +1 713 936 2427
Fax: +1 516 750 9051
E-mail: gaitas@chaloslaw.com

Of Counsel:

BENCKENSTEIN & OXFORD, L.L.P.

BY:  /s/ Alan G. Sampson
Alan G. Sampson, Esq.
State Bar No. 17560000
P.O. Drawer 150
Beaumont, Texas 77704-0150
Ph. (409) 833-9182
Fax. (409) 833-8819
E-mail: asampson@benoxford.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2010, a true and correct copy of the foregoing has been served on all counsel of record in accordance with Local Rule CV-5, through electronic transmission, the Case Management/Electronic Case File (CM/ECF) System for the USDC, EDTx which will send notification of such filing(s) to the following:

Michael K. Eaves, Esq.
meaves@calvert-eaves.com

William R. Bennett, III, Esq.
wbennett@bgmplaw.com

*Attorneys for Plaintiff*
Flame S.A.

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned has "met and conferred" with opposing counsel in accordance with Local Rule CV-7(h) regarding the instant motion for security. The motion is opposed by Plaintiff.

/s/ George M. Chalos
George M. Chalos (GC-8693)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FLAME S.A. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C.A. No. <u>10-cv-00278-RC</u> |
| | § | IN ADMIRALTY, Rule E |
| m/v LYNX, her engines, freights, apparel, | § | |
| appurtenances, tackle, etc., in rem | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SECURITY

Now into court, through undersigned counsel, comes specially appearing non-party movant, Camela Navigation Inc. ("Camela"), who submits this memorandum in support of its application for security seeking an order requiring Plaintiff herein to immediately post security in a form and amount sufficient to cover the costs and expenses Camela has incurred and likely will incur as a result of Plaintiff's arrest, as subsequently modified, into an attachment of the M/T LYNX. This application is brought pursuant to, *inter alia*, Supplemental Admiralty Rule E (2)(b), which provides in relevant part that the Court:

> "..may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court..."

Fed. R. Civ. P. Supp. R. E. (2)(b).

Camela is <u>not</u> the alleged debtor of the Plaintiff and otherwise is not indebted to it. Plaintiff speculates and contends that the *res* under attachment is somehow the property of and/or is an *alter ego* of its judgment debtor. However, unless and until it proves its case,

1

movant is presumptively an innocent third-party (and ultimately will be proven to be an innocent third-party) who is unjustly being caused to suffer significant and potentially irreparable harm.

Since the M/T LYNX was (wrongfully) detained on May 13, 2010, Camela has incurred costs and expenses of at USD 20,600.00 per day, computed as follows:

| | |
|---|---|
| Daily operating costs: | $ 6,000.00 |
| Daily hire rate: | $ 9,500.00 |
| Daily finance costs: | $ 5,100.00 |

These costs and expenses will continue to run through at least June 2, 2010 and by then, they will have reached at least USD 432,600.00. (*i.e.* 21 days x USD 20,600 = USD 432,600.00.) In addition, the time charterer of the M/T LYNX who has commitments to deliver the cargo onboard to its consignees requires that the cargo onboard be offloaded from the LYNX and be transshipped to its final destination. Additional costs will be incurred for this enterprise and will be for Camela's account.

The total costs and expenses Camela will have incurred by June 2, 2010, (*i.e.* the date when the court will ultimately decide whether the attachment should be vacated or not), will be at least USD 432,600.00[1].

"Rule E(2)(b) gives the court power to require security for costs and expenses to be posted by the party initiating the *in rem* seizure to protect parties affected by the seizure." *The Merchants National Bank of Mobile, et al. v. The Dredge General G.L. Gillespie, etc. et al.*, 663 F.2d 1338, 1344 (5th Cir. 1981); *see also Result Shipping Co. Ltd. v. Ferruzzi Trading*

---

[1] The preliminary total represents the estimated costs and expenses known to date. Camela does not waive any claims or rights that it may have with respect to additional costs and expenses that are expected to be quantified shortly. Moreover, Camela expressly reserves the right to increase the quantum of security sought as is necessary and appropriate.

*USA, Inc.*, 56 F.3d 394, 401 (2d Cir. 1995) ("Pursuant to *Supplemental Rule E(2)(b)*, the trial court has broad discretion to order a party to post security for costs."); *Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion*, 773 F.2d 1528 (11th Cir. 1985) ("Under Supplemental Rule E(2)(b) the court may require the creditor to post security for costs.").

In *A. Coker v. National Shipping Agency Corporation*, 1999 1999 U.S. Dist. LEXIS 8131 (E.D.La. 1999), the Court recognized that under Admiralty Supplemental Rule E(2)(b), it has discretion to require an attaching Plaintiff to provide security sufficient to cover an innocent property owner's costs and expenses. This Honorable Court should similarly exercise its discretion and order Plaintiff to post adequate security for Camela's costs.

Moreover, in the instant matter, the costs and expenses listed are specifically covered by 28 U.S.C. §1921(a)(1)(E) and must be taxed as costs of court. *See Marastro Compania Naviera S.A. v. Canadian Maritime Carriers, Ltd.* 959 F2d 49, 53 (5th Cir 1992); *see also Zak Marine Company, Ltd. v. Exportkhleb of Moscow, et al.*, 1993 U.S. Dist. LEXIS 9953 (E.D.La. 1993). In that case, as here, the seizing judgment creditor believed that the owner of the seized property was an alter ego of its judgment debtor. Subsequently, it turned out that the *alter ego* theory was wrong and, much like here, the property actually belonged to an innocent third party. The Fifth Circuit Court of Appeals awarded as costs to the prevailing disponent owner of the vessel (whose property had been seized and detained) the following items: charter hire; bunker fuel; pilotage, launch, and agency fees. *Id.*

On rehearing of *Marastro,* the Fifth Circuit Court of Appeals rejected the seizing judgment creditor's contention that by characterizing damages as costs the Court's ruling circumvented the principle of *Frontera Fruit Co. v. Dowling,* 91 F.2d 293 (5th Cir. 1937), which is the gravamen of the right to recover damages for wrongful seizure, is proof of bad

3

faith, malice, or gross negligence. *Marastro Compania Naviera S.A. v. Canadian Maritime Carriers, 963 F.2d 754, 755-756 (5th Cir 1992)*. The Fifth Circuit held that the recovery sought by the innocent vessel owner was not a *Frontera* issue. *Id.*

The principle set out in the *Marastro* decisions is a simple one. The costs entailed by the attachment and seizure of an innocent party's property should be and are ultimately taxed against the seizing party, irrespective of the creditor's good faith in carrying on the seizure. Flame S.A., a foreign corporation based in Switzerland, unlike Camela, does not have any identifiable asset present in the jurisdiction so that Camella may eventually have recourse for the seizure-attachment related costs and expenses it believes will be ultimately entitled to recover. The same Supplemental Rules that authorize attachment also authorize security in favor of parties whose property is seized or attached.

In light of the duration of the vessel's detention and the substantial costs that Camela has incurred and will continue incurring, it would be fair and equitable for the Court to condition the continuing restraint of the LYNX on posting by Flame S.A. adequate security in Camela's favor for the amount of at least USD 432,600.00

## CONCLUSION

Based upon the foregoing, it is respectfully requested that this Honorable Court issue an Order requiring Plaintiff to immediately post security in form and amount sufficient to cover the likely costs and damages movant Camela Navigation Inc. has incurred and may be caused to incur as a result of Plaintiff's attachment of the M/T LYNX.

Dated: Oyster Bay, New York  
       May 21, 2010

Respectfully submitted,

**CHALOS & CO, P.C.**
*Attorneys for Claimant*
CAMELA NAVIGATION INC.

BY: /s/ George M. Chalos
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
E-mail: gmc@chaloslaw.com

BY: /s/ George A. Gaitas
George A. Gaitas, Esq.
State Bar No. 24058885
CHALOS & CO, P.C.
675 Bering Drive, Suite 275
Houston, Texas 77057
Tel: +1 713 936 2427
Fax: +1 516 750 9051
E-mail: gaitas@chaloslaw.com

Of Counsel:

BENCKENSTEIN & OXFORD, L.L.P.

BY: /s/ Alan G. Sampson
    Alan G. Sampson, Esq.
    State Bar No. 17560000
    Hubert Oxford, III, Esq.
    State Bar No. 15392000
    Joshua C. Heinz, Esq.
    State Bar No. 24053264
    P.O. Drawer 150
    Beaumont, Texas 77704-0150
    Ph. (409) 833-9182
    Fax. (409) 833-8819
    E-mail: asampson@benoxford.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2010, a true and correct copy of the foregoing has been served on all counsel of record in accordance with Local Rule CV-5, through electronic transmission, the Case Management/Electronic Case File (CM/ECF) System for the USDC, EDTx which will send notification of such filing(s) to the following:

Michael K. Eaves, Esq.
meaves@calvert-eaves.com

William R. Bennett, III, Esq.
wbennett@bgmplaw.com

*Attorneys for Plaintiff*
Flame S.A.