IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FLAME S.A., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 1:10-cv-278 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| M/V LYNX, her engines, freights, apparel, appurtenances, tackle, etc. in rem, | § § | |
| | § | |
| *Defendant*. | § | |

## **PROTECTIVE ORDER**

Before the court is the parties' Joint Motion for Protective Order [Doc. # 16]. The court is of the opinion that the motion should be GRANTED, and the following protective order entered:

1. This Protective Order ("Order") governs the treatment of confidential documents, information or other materials as set forth in the Federal Rules of Civil Procedure 26(c), including materials which may cause annoyance, embarrassment, oppression, undue burden, undue expense, include a trade secret, or confidential commercial information, produced or disclosed in connection with this Action, whether revealed in a document, in testimony given at depositions, hearings or trial, answers to interrogatories, answers to requests for the production of documents, answers to requests for admissions, or any other form of discovery.

2. All documents and information produced in this Action may only be used by Flame in actions to enforce its Judgment.

3. Any party to this Action and counsel for any party to this Action may designate as "Confidential" any materials produced in this Action which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature by, prior to production of such material, stamping such materials "Confidential."

4. With the exception of documents or information that has become publicly available without a breach of the terms of this Order, all documents and other materials designated as "Confidential" (including any copy, synopsis, portion, summary, analysis, digest, translation, transcription, or other derivation thereof), shall not be disclosed in any way to any person(s) except:

   (a) the receiving party;

   (b) counsel of record and employees of counsel of record for the receiving party;

   (c) the court;

   (d) persons noticed for depositions or designated as trial witnesses in this Action;

   (e) any person designated by the court, upon such terms as the court may deem proper; and

   (f) any other person, if consented by the producing party.

5. Any person to whom "Confidential" material is disclosed by the receiving party or by any person who obtains such "Confidential" material from the receiving party, shall be bound by the provisions of this Order and subject to all appropriate sanctions and remedies for any violation hereof.  **This provision does not apply to the court, including the court's reporter(s).**

6. Inadvertent or unintentional production of documents or information containing confidential information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for "Confidential" treatment.

7. Any party to this Action that receives materials or information designated as "Confidential" may challenge the "Confidential" designation of all or any portion thereof by providing written notice to counsel for the party disclosing or producing the "Confidential" materials. Thereafter, in the absence of a resolution between the parties, the party objecting to the designation, shall file a motion with the court, certifying that good faith attempts to resolve the dispute have failed, describing the materials for which the designation of "Confidential" is being challenged and setting forth any and all grounds or bases for the challenge.

8. Confidential material shall not be filed with the court except when required in connection with matters pending before the Court. If filed, they shall be filed in accordance with this Protective Order and the Local Rules of the United States District Court, Eastern District of Texas. The material shall remain sealed, so long as the materials retain their "Confidential" designation. Said "Confidential" material and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

9. "Confidential" material may be introduced by any party at pre-trial or trial proceedings in connection with this Action. At the time that such materials are used or introduced during pre-trial proceedings, the court may issue order(s) as it deems appropriate for maintaining the confidentiality of such materials.

10. The maintenance of the "Confidential" status of any documents or information designated pursuant to the terms of this Order shall in all instances, be subject to further agreement or modification by the parties, and in the case of a dispute concerning the confidential nature of a document, the parties shall make every reasonable effort to resolve the matter by agreement.

11. The parties acknowledge that there are, or may be, other documents, which if produced by agreement of the parties, or by order of the court, would require greater confidentiality protection than is provided in this Order. Nothing in this Order shall be construed to waive, limit, or compromise the right of any party to seek additional protection with respect to any such documents and the parties expressly reserve the right to seek additional protection with respect to the disclosure of such documents, if any, in the form of an amendment to this Order, or otherwise.

12. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. Disclosure of "Confidential" material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the court may deem appropriate. **This provision does not apply to the court, including the court's reporter(s).**

14. This Protective Order shall be binding throughout and after final adjudication of this Action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs. Within sixty (60) days following a final disposition or resolution of the Action, including all appeals, all materials and information produced in this Action,

including all materials and information specially designated as "Confidential" under this Order, and any copies thereof, shall be returned to the producing party, unless the parties otherwise agree; and all electronic images of materials and images produced in this Action, including all materials and information specially designated as "Confidential" under this Order, and any electronic copies thereof, shall be permanently deleted from the receiving party's server or database and a written certification of such deletion provided to the producing party. **This provision does not apply to the court, including the court's reporter(s).** The parties shall keep their attorney work product which refers or relates to any "Confidential" material or information. Nothing in this Protective Order shall be construed to prevent this court from disclosing any facts relied upon in making or rendering any finding, ruling, order, judgment or decree, of whatever description.

So **ORDERED** and **SIGNED** this **26** day of **May, 2010.**

_____
Ron Clark, United States District Judge