IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FLAME S.A., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 1:10-cv-278 |
| v. | § § | JUDGE RON CLARK |
| M/V LYNX, her engines, freights, apparel, appurtenances, tackle, etc. in rem, | § § § § | |
| *Defendant*. | § | |

## ORDER

In a series of emails to the court on May 27, 2010, the parties raised the issue of whether Plaintiff Flame S.A. could issue subpoenas for documents to third parties. Normally, a motion to quash a subpoena must be filed with the issuing court. *See, e.g.*, Fed. R. Civ. P. 45(a)(2) (a subpoena for production of documents must be issued from the court where the production is to take place); (c)(3) (only the issuing court can quash a subpoena). Neither party has indicated that the subpoenas in question were issued by this court.

Flame has the burden of proof to demonstrate that the M/V Lynx's arrest was justified. *See, e.g., Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153, 1155 (5th Cir. 1985). An attempt by Flame to obtain relevant evidence from a third party would seem to be permissible. The court's May 18, 2010 Order was directed solely to documents Claimant Camela Navigation Inc. was to turn over to Flame; it made no mention of, or placed restriction on, the discovery Flame could attempt to obtain from third parties. *See* Doc. # 12.

There is a Protective Order in place in this case. Doc. # 19. Any information obtained from third parties shall be designated "Confidential" under the Protective Order and will not be disclosed except to those parties designated in the Protective Order. To the extent that any party challenges the "Confidential" designation, it shall do so using the procedure outlined in the Protective Order.

So **ORDERED** and **SIGNED** this **27** day of **May, 2010.**

_____
Ron Clark, United States District Judge

There is a Protective Order in place in this case. Doc. # 19. Any information obtained from third parties shall be designated "Confidential" under the Protective Order and will not be disclosed except to those parties designated in the Protective Order. To the extent that any party challenges the "Confidential" designation, it shall do so using the procedure outlined in the Protective Order.

So **ORDERED** and **SIGNED** this **27** day of **May, 2010.**

_____
Ron Clark, United States District Judge