UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| D'AMICO DRY LIMITED, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 1:10-cv-278 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| Primera Maritime (Hellas) Ltd and | § | |
| Camela Navigation, Inc. | § | |
| | § | |
| *Defendants.* | § | |

## VERIFIED COMPLAINT IN INTERVENTION

Intervening plaintiff d'Amico Dry Limited ("d'Amico"), through undersigned counsel, files this complaint in intervention against Primera Maritime (Hellas) Ltd. ("Primera") and Camela Navigation, Inc. ("Camela" and, collectively, "Defendants") *in personam* and avers upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. This action is further brought pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims.

3. Venue is proper as the M/T LYNX is a vessel owned and/or operated by Camela Navigation, Inc. and its alter ego Primera Maritime (Hellas) Ltd. and which is presently located within the Eastern District of Texas.

## THE PARTIES

4. At all material times, plaintiff d'Amico was and remains a corporation or other business entity duly organized and existing under and by virtue of the laws of Italy, with an office and principal place of business in Italy.

5. At all material times, Defendants or one of their alter ego subsidiaries, including, but not limited to, Chemnav Shipmanagement, Ltd are corporations or other business entities duly organized and existing under and by virtue of the laws of a foreign country with a trading address and principal place of business at 6 Roupel Street, Athens-Lamia Road, Km 17, Kifisia, 145 64 Athens, Greece and a registered office at 80 Broad Street, Monrovia, Liberia.

## BASIS OF INTERVENTION AND ATTACHMENT

6. By way of a Forward Freight Agreement dated September 2, 2008 ("FFA"), Primera agreed to sell and buy freight futures with d'Amico for the months of January, February and March 2009.

7. The FFA provided for settlement dates of January, February and March, 2009.

8. Despite due demand for payment, Primera failed to remit payment to d'Amico in respect of the January, 2009 contract month in breach of the FFA.

9. As a result of Primera's breach of the FFA, d'Amico has suffered a loss in the total principal sum of $1,752,973.30 exclusive of interest, costs and attorney's fees.

10. Pursuant to Clause 15 of the FFA, contract disputes arising there under are to be submitted to the English High Court of Justice with English law to apply.

11. d'Amico commenced proceedings against Primera in the High Court of Justice, Queen's Bench Division, Commercial Court under Claim No. 2009 Folio 218 in accordance with the FFA.

12. On June 19, 2009, the High Court of Justice, by the Honorable Mr. Justice Flaux, entered final unappealable judgment against Primera in the sum of $1,766,278.54 (comprising the principal due of $1,752,973.30 together with compound interest at the contractual rate accrued up to June 19, 2009) and also awarded legal costs in the amount of GBP 17,000, which at the time of filing equals approximately $25,467.80. (*See* High Court Order, attached as Exhibit A).

13. Despite due demand, Primera has failed to pay the judgment entered against it.

14. d'Amico, on September 11, 2009, moved to have the judgment of the High Court of Justice duly recognized, confirmed and enforced in the United States District Court for the Southern District of New York (Civil Action No. 1:09-cv-07840-JGK). That matter remains pending.

15. d'Amico, in an abundance of caution, intends to file a similar motion with the United States District Court for the Eastern District of Texas to duly recognize, confirm and enforce the judgment of the High Court of Justice on the same day as the present Complaint in Intervention.

16. As set forth above, Primera owes d'Amico the principal claim amount of $1,752,973.30, fees and costs awarded by the High Court of Justice in the amount of approximately $25,467.80, interest to the date of the High Court of Justice ruling in the amount of $13,305.24, post-judgment interest from June 19, 2009 amounting to at least

3

$143,546.78 and to be calculated at time of judicial sale of the vessel and all costs and fees incurred in connection with this arrest estimated to be approximately $25,000.

17. As of the filing of this Complaint in Intervention, Primera owes d'Amico approximately $2,000,000, the full and final amount to be calculated at judicial sale of the vessel.

### ATTACHMENT OF THE M/T LYNX TO ENFORCE JUDGMENT AGAINST PRIMERA IS PROPER

18. Original arresting party Flame, S.A. commenced arrest proceedings before this Court averring that a judgment in its favor entered by the High Court of Justice, Queen's Bench Division, Commercial Court Registry against Primera provided adequate and proper grounds for the arrest of the M/T LYNX as such vessel was operated, managed or controlled by Primera or one of its alter ego subsidiaries. (Rec. Doc. 1).

19. Camela Navigation, Inc. filed a motion to vacate the arrest warrant asserting that it was the owner of the M/T LYNX and further asserting that it was not an alter ego of Primera. (Rec. Doc. 9).

20. After submission of pleadings by the parties and oral arguments by same, this Court entered an Order holding that Camela, the admitted owner of the M/T LYNX, is, in fact, an alter ego of Primera and denied Camela's motion to vacate the arrest. (Rec. Doc. 35).

21. This Court, after conducting a hearing on May 18, 2010, granted Flame, S.A.'s motion to convert the action from an *in rem* proceeding under Supplemental Admiralty and Maritime Claims Rule C to an *in personam* action for attachment and garnishment under Supplemental Rule B. (Rec. Doc. 12).

22. As intervenor d'Amico's claim and judgment from the High Court of Justice are also against Primera, the alter ego of Camela who, in turn, is the admitted owner of the M/T LYNX, d'Amico's present Complaint in Intervention and attendant Motion for Issuance of Writ of Attachment against the M/T LYNX are proper.

**WHEREFORE, PREMISES CONSIDERED**, d'Amico prays that his Honorable Court:

1. That process in due form of law according to the practice of this Honorable Court, including the issuance of writ of attachment, may issue against the M/T LYNX pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that all persons having an interest therein be cited to appear and answer under oath all and singular the matters aforesaid;

2. That this Honorable Court recognize the Judgment granted by the High Court of Justice, Queen's Bench Division, Commercial Court in the amount of $1,766,278.54 (comprising the principal due of $1,752,973.30 together with compound interest at the contractual rate accrued up to June 19, 2009) and legal costs in the amount of GBP 17,000, which at the time of filing equals approximately $25,467.80;

3. That this Honorable Court condemn and sell the M/T LYNX so that the judgment can be satisfied;

4. That this Honorable Court retain jurisdiction over the matter for any further or supplemental proceedings as may become necessary; and,

5. For such other, further and different relief as this Honorable Court may deem just, proper and/or equitable.

Respectfully submitted,

/s/ David S. Bland
David S. Bland (TX Bar #00789021)
Robert P. Vining (TX Bar# 24029870)
Matthew C. Guy (TX Bar #24050702)
Tiffany Harrod (TX Bar #24059939)
LEBLANC BLAND P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone (713) 627-7100
Facsimile (713) 627-7148
dbland@leblancbland.com
rvining@leblancbland.com
mguy@leblancbland.com
tharrod@leblancbland.com

Attorneys for d'Amico Dry Limited

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, facsimile, through the Court's electronic filing system or by placing the same in the United States mail, properly addressed and postage pre-paid, this 25th day of June, 2010.

/s/ David S. Bland