UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Flame, S.A., | § § | |
| *Plaintiff*, | § § | Civil Action No. 1:10-cv-278 |
| v. | § § | JUDGE RON CLARK |
| Primera Maritime (Hellas) Ltd and Camela Navigation, Inc. | § § § | |
| *Defendants*. | § § | |

## VERIFIED COMPLAINT IN INTERVENTION

Intervening plaintiff Charbons et Fuels SA ("Charbons"), through undersigned counsel, files this verified complaint in intervention against Primera Maritime (Hellas) Ltd. and Camela Navigation, Inc. ("Primera" and "Camela" respectfully and collectively, "Defendants") *in personam* and avers as follows:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. This action is further brought pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims.

3. Venue is proper as the M/V LYNX is a vessel owned and/or operated by Camela Navigation, Inc. and its alter ego Primera Maritime (Hellas) Ltd. and which is presently located within the Eastern District of Texas.

## THE PARTIES

4.      At all material times, plaintiff Charbons was and remains a corporation or other business entity duly organized and existing under and by virtue of the laws of France with an office and principal place of business in France.

5.      At all material times, Defendants, or one of their alter ego subsidiaries, are corporations or other business entities duly organized and existing under and by virtue of the laws of a foreign country with a trading address and principal place of business in Athens, Greece and a registered office at 80 Broad Street, Monrovia, Liberia.

## BASIS OF INTERVENTION AND ATTACHMENT

6.      Charbon and Primera are parties to two Forward Freight Agreements (collectively, the "FFAs"). The first agreement is numbered 082895 and dated 16 May 2008. It provides for contract months of January through December 2009 with settlement dates on the last calendar date of each contract month.  The second agreement, acquired by Charbons by novation dated February 4, 2009, is numbered 7419851N and dated 20 May 2008. It also provides for contract months of January through December 2009 with settlement dates on the last calendar date of each contract month.

7.      Despite due demand for payment, Primera failed to remit payment to Charbons in breach of the FFAs. Specifically, Primera failed to remit full payment for the January through June contract months and failed to remit any payment for the July through December contract months.

8.      As a result of Primera's breach of the FFAs, Charbons has suffered a loss in the total principal sum of $5,716,223.05, as best can now be estimated, exclusive of interest, costs and attorney's fees.

2

9. Pursuant to Clause 15 of the FFAs, contract disputes arising there under are to be submitted to the English High Court of Justice with English law to apply.

10. Charbons commenced proceedings against Primera in the High Court of Justice, Queen's Bench Division, Commercial Court under Claim No. 2010 Folio 802 in accordance with the FFAs. *See* attached Exhibit A.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law. As best can now be estimated, Charbons expects to recover the following amounts plus its continuing costs and attorneys' fees:

| | | |
|---|---|---|
| a. | Principal claim: | $5,716,223.05 |
| b. | Estimated interest on the principal claim at 9% daily interest from February 11 2010 to June 24, 2010: | $190,540.44 |

12. As of the filing of this Complaint in Intervention, Primera owes Charbons approximately $5,906,763.49, the full and final amount to be calculated at judicial sale of the vessel.

## ATTACHMENT OF THE M/V LYNX
## TO PROTECT CHARBONS' CLAIM IS PROPER

13. Original arresting party Flame, S.A. commenced arrest proceedings before this Court averring that a judgment in its favor entered by the High Court of Justice, Queen's Bench Division, Commercial Court Registry against Primera provided adequate and proper grounds for the arrest of the M/V LYNX as such vessel was operated, managed or controlled by Primera or one of its alter ego subsidiaries. (Dkt. #1).

14. Camela Navigation, Inc. filed a motion to vacate the arrest warrant asserting that it was the owner of the M/V LYNX and further asserted that it was not an alter ego of Primera. (Dkt. #9).

15. After submission of pleadings by the parties and oral arguments by same, this Court entered an Order holding that Camela, the admitted owner of the M/V LYNX, is, in fact, an alter ego of Primera and denied Camela's motion to vacate the arrest. (Dkt. #35).

16. This Court, after conducting a hearing on May 18, 2010, granted Flame S.A.'s motion to convert the action from an *in rem* proceeding under Supplemental Admiralty and Maritime Claims Rule C to an *in personam* action for attachment and garnishment under Supplemental Rule B. (Dkt. #12).

17. D'Amico Dry Limited thereafter filed its Verified Complaint in Intervention and Amended Motion for Writ of Attachment and Garnishment Pursuant to Admiralty Rule B. (Dkt. ## 36, 40). An Order for Issuance of Writ of Attachment and Garnishment was signed as requested by D'Amico Dry Limited. (Dkt. # 41).

18. As intervenor Charbons' straightforward claim, which is similar to those asserted by Flame and D'Amico, is also against Primera, the alter ego of Camela who, in turn, is the admitted owner of the M/V LYNX, Charbons' present Complaint in Intervention and attendant Motion for Issuance of Writ of Attachment against the M/V LYNX are proper.

19. Defendants cannot be found within the Eastern District of Texas for purposes of Rule B because (1) defendants are not subject to personal jurisdiction in this district and (2) defendants do not have an agent for service of process within this district. *See Heidmar, Inc. v Anomina Ravennate Di Armanento Sp.A. of Ravenna,* 132 F.3d 264, 268 (5th Cir. 1998) (a defendant is "found within the district" if it meets **both** prongs of the test: 1) the defendant can be

4

found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process); *LaBanca v. Ostermunchner,* 664 F.2d 65, 67 (5th Cir. 1981) (state-wide service of process is not sufficient to defeat a maritime attachment). However, Defendants do have tangible property which belongs to them, is claimed by them, or being held for them or on their behalf, within the jurisdiction, namely the M/V LYNX.

**WHEREFORE, PREMISES CONSIDERED**, Charbons prays to this Honorable Court:

1. That process in due form of law according to the practice of this Honorable Court, including the issuance of writ of attachment, may issue against the M/V LYNX pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that all persons having an interest therein be cited to appear and answer under oath all and singular the matters aforesaid;

2. That this Honorable Court recognize the claim asserted by Charbons in the High Court of Justice, Queen's Bench Division, Commercial Court in the principal amount of $5,716,223.05 plus interest, costs and attorney's fees.

3. That, if sufficient security is not posted by Defendants, that this Honorable Court condemn and sell the M/V LNYX so that the judgment can be satisfied;

4. That this Honorable Court retain jurisdiction over the matter for any further or supplemental proceedings as may become necessary; and

5. For such other, further and different relief as this Honorable Court may deem just, proper and/or equitable.

Respectfully submitted,

/s/ J. James Cooper
J. James Cooper
Texas Bar No. 04780010
jcooper@gardere.com
James J. Sentner
Texas State Bar No: 18029200
jsentner@gardere.com
Samantha Trahan
Texas Bar No. 24028073
strahan@gardere.com
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002
(713) 276-5500 phone
(713) 276-5555 fax

ATTORNEYS FOR INTERVENING PLAINTIFF
CHARBONS ET FUELS SA

Of Counsel:

Michael L. Novicoff
Liner Grode Stein Yankelevitz
Sunshine Regenstreif & Taylor LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
(310)-500-3634 phone
(310)-500-3501 fax
mnovicoff@linerlaw.com

## Certificate of Service

I hereby certify that I served on all counsel of record in this matter a copy of the foregoing document via the U.S. District Court for the Eastern District of Texas' Electronic Case Filing System on July 8, 2010.

/s/ J. James Cooper
J. James Cooper

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Flame, S.A., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 1:10-cv-278 |
| v. | § | |
| | § | JUDGE RON CLARK |
| Primera Maritime (Hellas) Ltd and | § | |
| Camela Navigation, Inc. | § | |
| | § | |
| *Defendants*. | § | |

## VERIFICATION

Blaise Guy, General Manager, being duly sworn, deposes and says:

I am the General Manager of Charbons et Fuels SA, Intervening Plaintiff herein. I have read the foregoing complaint and know the contents thereof, and verify that paragraphs 6 through 12 of the complaint are true and correct of my own knowledge.

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

_____
Blaise Guy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Flame, S.A., | § § | |
| *Plaintiff,* | § § | Civil Action No. 1:10-cv-278 |
| v. | § § | |
| | § | JUDGE RON CLARK |
| Primera Maritime (Hellas) Ltd and Camela Navigation, Inc. | § § § | |
| *Defendants.* | § § | |

## AFFIDAVIT THAT DEFENDANTS CANNOT BE FOUND WITHIN THE DISTRICT

J. James Cooper, being first duly sworn, on oath deposes and says:

I am the attorney-in-charge for Intervening Plaintiff Charbons et Fuels SA and, on information and belief, state that the defendants cannot be found within this district. In order to make this affidavit, I reviewed the following:

1. Results from a search on an internet-based telephone directory for the State of Texas (neither Primera nor Camela are listed).

2. Information from the Texas Secretary of State indicating that the defendant Primera is not listed as a corporation registered to do business in the State of Texas and has not appointed a registered agent to receive process in Texas, and that defendant Camela has not designated an agent for service of process in the Eastern District of Texas.

3. Results from Hoovers Business and Google searches on the defendant in reference to Texas (which did not yield any relevant results).

DATED this 8th day of July, 2010.

_____
SIGNATURE

SUBSCRIBED AND SWORN TO BEFORE ME on this 8th day of July, 2010, to certify which witness my hand and official seal.

_____
Notary Public In and For
The State of TEXAS

KATHY L. TAYLOR
Notary Public, State of Texas
Commission Expires 10-17-2010

# ATTACHMENT A



**NOT FOR SERVICE OUT OF THE JURISDICTION**

**Claim Form**

| | |
|---|---|
| **In the** | High Court of Justice<br>Queen's Bench Division<br>Commercial Court |

| | *for court use only* |
|---|---|
| Claim No. | 2010 folio 802 |
| Issue date | 7 / 7 / 10 |

Claimant(s)

Charbons et Fuels SA
a company incorporated in accordance with the laws of France and whose registered office address is at 51-53 R Du Docteur Blanche, 75016 Paris, France

SEAL



Defendant(s)

Primera Maritime (Hellas) Ltd
a company incorporated in accordance with the laws of Liberia and whose registered office address is at 80 Broad Street, Monrovia, Liberia

**Name and address of Defendant receiving this claim form**

Primera Maritime (Hellas) Ltd
80 Broad Street, Monrovia, Liberia

| | |
|---|---|
| Amount claimed | |
| Court fee | |
| Solicitor's costs | |
| Total amount | |

The court office at the Admiralty and Commercial Registry, Royal Courts of Justice, Strand, London WC2A 2LL is open between 10 am and 4:30 pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.

N1(CC)  Claim form (CPR Part 7) (03.02)                1
(c) Crown Copyright. Reproduced by Peapod Solutions Ltd

| | Claim No. | |
|---|---|---|

### Brief details of claim

The Claimants entered two Freight Forward Agreements with the Defendants ("the Contracts"), the first of which is evidenced by a confirmation dated 16th May 2008 (reference 082895) issued by Clarkson Securities Ltd and the second of which is evidenced by a confirmation dated 20th May 2009 (reference 741985N) issued by ICAP Shipping Derivatives Ltd.

Each of the Contracts incorporated the terms of the International Swap Dealers Association (Multicurrency-Cross Border) Master Agreement and the FFABA 2007 terms.

The Claimants claim:

1. The sums remaining due and unpaid under the Contracts, namely:-

   (1) USD 5,716,223.26 (United States Dollars Five Million, Seven Hundred and Sixteen Thousand and Two Hundred and Twenty Three), plus

   (2) Interest in accordance with the contractual rate alternatively statutory interest.

2. An indemnity in respect of expenses including legal fees incurred by the Claimants in enforcement of its rights under the above contracts (in accordance with Section 11 of the said Master Agreement).

3. Such further or other relief as the Court thinks just, and

4. Costs

Particulars of claim (*attached*)(*will follow if an acknowledgment of service is filed that indicates an intention to defend the claim)

### Statement of Truth

*(I believe)(The Claimant believes) that the facts stated in this claim form *(and the particulars of the claim attached to this claim form) are true.

I am duly authorised by the claimant to sign this statement
Full name  Sian Elizabeth Heard

Name of (claimant)('s solicitor's firm)   Heard & Co Solicitors

signed _____    position or office held  Principal

(Claimant)('s solicitor)                                      (if signing on behalf of firm, company or corporation)
* delete as appropriate

Heard & Co
45 Beech Street
London
EC2Y 8AD
Tel : 020 7953 9793
Email: mail@heardlaw.co.uk

Claimant's or solicitor's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.